UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KAITLYN HOWARD<br><br>    Plaintiff<br><br>vs.<br><br>OFFICER SEAN LIESENFELT,<br>VALPARAISO POLICE DEPARTMENT and<br>THE CITY OF VALPARAISO, INDIANA<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)    CAUSE NO.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I. INTRODUCTION

COMES NOW the Plaintiff, Kaitlyn Howard, by counsel, Lloyd P. Mullen of Mullen and Associates, P.C. and for her Complaint against the defendants alleges and says:

1. This is a civil rights lawsuit brought by the Plaintiff, a victim of police brutality. The Plaintiffs seek compensatory and punitive damages.

2. This action arises under the United States Constitution and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988. The Plaintiff also asserts that their rights arising under the Indiana Constitution were violated and they were victims of several common law torts committed by the defendants.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper under 28 U.S.C. § 1391 in that the Defendants and Plaintiffs all resided in and this cause of action arose in the

## III. FACTS

5. Plaintiff Kaitlyn Howard is a resident of Porter County, Indiana.

6. Defendant Officer S. Liesenfelt is a police officer with the Valparaiso Police Department and a resident of Porter County, Indiana.

7. Defendant Valparaiso Police Department and City of Valparaiso, Indiana is a municipal entity located in Valparaiso, Indiana.

8. Defendant City of Valparaiso, Indiana, is a municipal entity located in Porter County, Indiana.

9. On July 29, 2023, Kaitlyn Howard was driving her neighbor's truck and pulled into her neighbors' driveway located at 206 Willow Tree Drive, Valparaiso, Indiana.

10. Kaitlyn exited the blue truck and was crossing the yard to her house when Officer Sean Liesenfelt pulled into the neighbors' driveway.

11. Kaitlyn was in her own yard when Officer Liesenfelt ordered her to stop.

12. Kaitlyn had done nothing wrong and had exited the vehicle she was driving and entered her own property when she was ordered to stop.

13. Without legal cause or justification, Officer Liesenfelt ordered Kaitlyn to come to the vehicle.

14. Officer Liesenfelt had followed Kaitlyn for several blocks before he caught up to her.

15. Kaitlyn had not committed any traffic violations and was not wanted for any crimes.

16. Despite not having any probable cause or reasonable suspicion that she had done anything wrong, Officer Liesenfelt detained Kaitlyn and eventually arrested her.

17. Officer Liesenfelt issued Kaitlyn several confusing and contradictory commands.

18. Officer Liesenfelt had no legal right to stop or detain Kaitlyn.

19. Officer Liesenfelt's purported reason for detaining Kaitlyn was that Flock cameras had

alerted him that the owner of the vehicle she was driving had a suspended license.

20. Officer Liesenfelt could and should have called dispatch to find out who the suspended driver of the vehicle was. Rather, he chose to detain Kaitlyn who had done nothing wrong.

21. Had Officer Liesenfelt called dispatch he would have learned that the owner of the vehicle was a 45-year-old Hispanic male, while Kaitlyn was a 22-year-old white female.

22. Kaitlyn informed Officer Liesenfelt that the blue truck was not her vehicle but her neighbor's vehicle.

23. Nevertheless, Officer Liesenfelt never waited for dispatch who would have confirmed that Kaitlyn was not the suspended driver of the blue truck nor did he let Kaitlyn produce her license which would have confirmed that her license was not suspended.

24. Rather, Officer Liesenfelt forced Kaitlyn backwards and out of the view of his dash cam on the front of his squad car.

25. After taking Kaitlyn to the front of the truck out of view of the police car camera, Officer Liesenfelt turned off the sound on his body cam.

26. Officer Liesenfelt forced Kaitlyn to the ground.

27. Officer Liesenfelt assaulted Kaitlyn without legal cause of justification.

28. While Kaitlyn was on the ground and defenseless, a fellow officer came running up.

29. As soon as the fellow officer arrived, Officer Liesenfelt shot defenseless Kaitlyn who was sitting on the ground with a taser, injuring her.

30. Kaitlyn was not posing a threat to Officer Liesenfelt or anyone else when he tased her and was in a helpless, vulnerable position when she was on the ground.

31. The Defendant, Officer Sean Liesenfelt was and at all times relevant hereto is a police officer for the Valparaiso Police Department and the City of Valparaiso, Indiana.

32. That during the acts alleged in this Complaint, the defendant, Sean Liesenfelt was acting under the color of the statutes, ordinances, regulations, customs and usages of the Valparaiso Police Department and the City of Valparaiso, Indiana..

33. Defendant Valparaiso Police Department and City of Valparaiso, Indiana are properly sued directly under 42 U.S.C. § 1983 for its delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

34. On July 29, 2023, Officer Sean Liesenfelt of the Valparaiso Police Department unlawfully and without reasonable suspicion, a warrant, probable cause, or exigent circumstances tased, arrested, and cuffed Kaitlyn. Officer Liesenfelt used excessive force and injured the plaintiff when he arrested the plaintiff.

35. At the time of her arrest, Kaitlyn was acting in a peaceful and law-abiding manner and was not then committing any offense.

36. At no time during their arrest, did the plaintiffs flee, resist or attempt to resist, attack or attempt to attack any officer of the Valparaiso Police Department Officer or anyone else.

37. Valparaiso Police Officer Sean Liesenfelt wrongfully, unlawfully, wantonly and maliciously assaulted and battered Kaitlyn, injuring and damaging her.

38. As a result of Officer Liesenfelt's conduct, Kaitlyn was physically and emotionally injured, incurred medical expenses, lost income and will continue to incur medical expenses and lose wages.

39. All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for the Plaintiffs' federally

protected rights, and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendant Valparaiso Police Department and City of Valparaiso, Indiana acting under color of state law.

40. With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant Valparaiso Police Department and City of Valparaiso have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

a. failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

b. by failing to adequately punish unconstitutional uses of force;

c. by tolerating the use of unconstitutional force;

d. by ongoingly failing to properly or neutrally investigate citizen complaints of excessive force; and,

e. by tolerating, encouraging, and permitting collusive statements by involved officers in such situations.

## COUNT I-42 U.S.C. § 1983

COMES NOW the Plaintiff and for her first cause of action against the Defendants alleges and says:

1-40 Plaintiff incorporates by reference Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

41. Prior to and during her arrest Kaitlyn did not act in any manner or anyway which would suggest that she posed a danger to the community or any of the Valparaiso Police officers involved.

42. That at all times relevant hereto, the Valparaiso Police Officers including Sean Liesenfelt

were acting under color of state law and acting pursuant to the policies, guidelines, customs and usages of the Valparaiso Police Department and the City of Valparaiso, Indiana.

43. Even though Kaitlyn was not posing any danger or threat to the Officers or the community, Officer Liesenfelt assaulted, battered and tased her.

44. That as a direct and proximate result of Officer Liesenfelt's egregious misconduct in battering the Plaintiff, several of their Civil Rights guaranteed by the Indiana and United States Constitutions were violated.

45. That as a direct and proximate result of the brutal force used by Officer Liesenfelt, Kaitlyn sustained physical injuries.

46. That as a direct and proximate result of Officer Liesenfelt's total disrespect and disregard for the safety and well-being of Kaitlyn, Kaitlyn suffered mental anguish and emotional distress, and physical pain.

47. The arrest of the plaintiffs was conducted in a violent and abusive manner, with the intent of humiliating and embarrassing her in the presence of bystanders generally, and particularly the people present at the scene.

48. The Defendants, Valparaiso Police Department and the City of Valparaiso, Indiana were responsible for the training of their officers in the performance of their duties as officers and in particular in training officers as to when and how they had reasonable suspicion to detain a suspect, how to treat a citizen, how to deescalate an encounter a citizen, not to use force when unless it was absolutely necessary, not to use a taser unless it was absolutely necessary, how and under what circumstances they are allowed to arrest suspects and the use of force in arresting suspects.

49. Defendants, Valparaiso Police Department and the City of Valparaiso, Indiana improperly trained Police Officer Sean Liesenfelt as to how, when and under what circumstances to detain and arrest a citizen and the use of force in accordance with the statutes, ordinances, regulations, customs and usages of the Valparaiso Police Department and the City of Valparaiso, Indiana.

50. Defendant Officer Sean Liesenfelt was the employee, agent and servant of Defendant, Valparaiso Police Department and the City of Valparaiso, Indiana.

51. The conduct of the Defendants as described above deprived the Plaintiff of the following rights, privileges, and immunities granted to them by the Constitution of the United States in violation of 42 U.S.C. § 1983:

   (A) The right of the Plaintiff to be secure in her person, house, papers and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

   (B) The rights of the Plaintiffs to be informed of the nature and cause of the accusations against them, secured to them, under the Sixth and Fourteenth Amendments to the Constitution of the United States.

   (C) The right of the Plaintiff not be deprived of life, liberty or property without due process of law, and the right to equal protection of the laws, secured by the Fifth and Fourteenth Amendment to the Constitution of the United States.

   (D) The Plaintiffs' right not to be subjected to any cruel or unusual punishment as secured to the Plaintiff under the Eighth Amendment to the Constitution of the United States.

52. As a direct and proximate result of the Defendants' conduct as described above, the plaintiff has suffered damages to her person, has suffered psychological and emotional damages and has been forced to incur medical expenses.

53. Officer Liesenfelt falsely arrested, charged and imprisoned Kaitlyn in violation of the Fourth and Fourteenth Amendment to the United States Constitution.

54. Because Officer Liesenfelt's arrest and seizure of Kaitlyn was made without probable cause or a valid warrant, it was an "unreasonable seizure" and therefore a violation of the Fourth Amendment.

55. The confinement was not privileged because there was no legal justification for the arrest.

56. The Plaintiff is entitled to attorney's fees and costs of this action pursuant to 42 U.S.C. 1988.

WHEREFORE, Plaintiff, Kaitlyn Howard, prays for judgment in an amount to compensate her for their injuries and damages, attorney's fees and costs pursuant to statute, and for all further just and proper relief in the premises.

## COUNT II-42 U.S.C. § 1983 EXCESSIVE FORCE

COMES NOW the Plaintiff and for her second cause of action against the Defendants alleges and says:

1-56   Plaintiff incorporates by reference Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

57. Prior to and during her arrest Kaitlyn did not act in any manner or anyway which would suggest that she posed a danger to the community or any of the Valparaiso Police officers involved.

58. That at all times relevant hereto, the Valparaiso Police Officers including Sean Liesenfelt were acting under color of state law and acting pursuant to the policies, guidelines, customs and usages of the Valparaiso Police Department and the City of Valparaiso, Indiana.

59. Even though Kaitlyn was not posing any danger or threat to the Officers or the community, Officer Liesenfelt assaulted, battered and tased her.

60. That as a direct and proximate result of Officer Liesenfelt's egregious misconduct in battering the Plaintiff, several of her Civil Rights guaranteed by the Indiana and United States Constitutions were violated.

61. That as a direct and proximate result of the brutal force used by Officer Liesenfelt, Kaitlyn sustained physical injuries.

62. That as a direct and proximate result of Officer Liesenfelt's total disrespect and disregard for the safety and well-being of Kaitlyn, Kaitlyn suffered mental anguish and emotional distress, and physical pain.

63. The arrest of the plaintiff was conducted in a violent and abusive manner, with the intent of humiliating and embarrassing her in the presence of bystanders generally, and particularly the people present at the scene.

64. The Defendants the Valparaiso Police Department and the City of Valparaiso, Indiana were responsible for the training of their officers in the performance of their duties as officers and in particular in training officers not to use force unless it was absolutely necessary, not to use a taser unless it was absolutely necessary, and never to use a taser to enforce compliance with an order.

65. Defendants, Valparaiso Police Department and the City of Valparaiso, Indiana improperly trained Police Officer Sean Liesenfelt as to how, when and under what circumstances to use force in accordance with the statutes, ordinances, regulations, customs and usages of the Valparaiso Police Department.

66. The conduct of the Defendants as described above deprived the Plaintiff of the following rights, privileges, and immunities granted to them by the Constitution of the United States in violation of 42 U.S.C. § 1983:

(A) The right of the Plaintiff to be secure in her person, house, papers and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(B) The rights of the Plaintiff to be informed of the nature and cause of the accusations against her, secured to her, under the Sixth and Fourteenth Amendments to the Constitution of the United States.

(C) The right of the Plaintiff not be deprived of life, liberty or property without due process of law, and the right to equal protection of the laws, secured by the Fifth and Fourteenth Amendment to the Constitution of the United States.

(D) The Plaintiff's right not to be subjected to any cruel or unusual punishment as secured to the Plaintiff under the Eighth Amendment to the Constitution of the United States.

(E) The right of the Plaintiff to be free from excessive use of force and not be deprived of her liberty without due process of law secured by the Fourth, Fifth and Eighth Amendment to the Constitution of the United States.

67. As a direct and proximate result of the Defendants' conduct as described above, the plaintiff has suffered damages to her person, has suffered psychological and emotional damages and has been forced to incur medical expenses.

68. The Plaintiff is entitled to attorney's fees and costs of this action pursuant to 42 U.S.C. 1988.

WHEREFORE, Plaintiff, Kaitlyn Howard, prays for judgment in an amount to compensate her for her injuries and damages, attorney's fees and costs pursuant to statute, and for all further just and proper relief in the premises.

## VI. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

1. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;
2. economic losses on all claims allowed by law;
3. special damages in an amount to be determined at trial;
4. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;
5. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;
6. pre- and post-judgment interest at the lawful rate; and,
7. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

## JURY DEMAND

COMES NOW the Plaintiff, by counsel, and demands trial by jury.

Respectfully submitted,

/s/ Lloyd P. Mullen

Lloyd P. Mullen, Atty. No. 14915-19
MULLEN & ASSOCIATES, P.C.
113 W. Joliet Street
Crown Point, IN 46307
Tel: 219-661-1529

Fax: 219-661-1528
Attorney for Plaintiff Kaitlyn Howard