UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KAITLYN HOWARD,<br>    PLAINTIFF,<br><br>v.<br><br>OFFICER SEAN LIESENFELT, *ET AL.*,<br>    DEFENDANTS. | CAUSE NO. 2:25-CV-339-GSL-JEM |

## MOTION TO STAY

Defendants OFFICER SEAN LIESENFELT, VALPARAISO POLICE DEPARTMENT, and CITY OF VALPARAISO, by and through their attorneys MATTHEW S. CLARK and JOSEPH W. SMITH of CLARK JOHNSON & KNIGHT, LTD., and pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), move to stay this action pending the conclusion of related criminal proceedings, and in support thereof state:

    1.    In this action, Plaintiff asserts claims against Defendants under 42 U.S.C. § 1983 for false arrest and excessive force related to her arrest on July 29, 2023. *See* ECF #1, ¶34.

    2.    The State of Indiana is prosecuting Plaintiff on charges of battery against a public safety official, intimidation, and resisting law enforcement, which are also related to Plaintiff's arrest on July 29, 2023. *See State of Indiana v. Kaitlyn Diana Howard*, 64D02-2307-F6-6852.

    3.    It is well-established that federal courts will allow a state criminal case to conclude before allowing a related federal civil action to proceed, so that the federal civil action cannot interfere with the state criminal case:

> *Younger* [*v. Harris*, 401 U.S 37 (1971),] holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. Gakuba's claims of damages resulting from illegal searches, seizures, and detentions meet that description: they involve constitutional issues that may be litigated during

the course of his criminal case. Deciding those issues in federal court could undermine the state court proceeding.

*Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citations omitted).

    4.    There is a risk that proceeding in this action may interfere with the state criminal case. The lawfulness of the seizure and the force used by Officer Liesenfelt are both at issue in *State v. Howard*.

    5.    Staying this action until the conclusion of the related state criminal case is therefore warranted.

    6.    The undersigned has conferred with Plaintiff's Counsel regarding this Motion. Plaintiff does not object.

WHEREFORE, Defendants Officer Sean Liesenfelt, Valparaiso Police Department, and City of Valparaiso pray the Court enter an Order staying this action until final resolution of *State of Indiana v. Kaitlyn Diana Howard*, 64D02-2307-F6-6852, and ordering such further relief as the Court deems just.

Respectfully submitted,

/s/ Joseph W. Smith
Joseph W. Smith (#29663-64)

CLARK JOHNSON & KNIGHT, LTD.
Attorneys for Defendants, Officer Sean Liesenfelt,
Valparaiso Police Department, and City of Valparaiso
233 E. 84th Drive, Suite 301
Merrillville, IN 46410
Phone: 219.322.0830; Fax: 219.322.0834
Email: JSmith@cjklaw.com

- 3 -

## CERTIFICATE OF SERVICE

  I hereby certify that on September 10, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

The following are those who are currently on the list to receive e-mail notices for this case.

- Lloyd P. Mullen, attorneymullen@gmail.com

- Matthew S. Clark, mclark@cjklaw.com; kstocco@cjklaw.com

- Joseph W. Smith, jsmith@cjklaw.com; shazi@cjklaw.com

           /s/ Joseph W. Smith
           JOSEPH W. SMITH (#29663-64)

25-09-10 Mot to Stay 8568