UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KAITLYN HOWARD,

    Plaintiff,

    v.

VALPARAISO CITY OF, et al.,

    Defendants.

Case No. 2:25-CV-339-GSL-JEM

## OPINION AND ORDER

This matter is before the Court on Defendants Sean Liesenfelt, City of Valparaiso, and Valparaiso Police Department's (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim [DE 24]. The motion is now ripe for ruling. For the reasons below, the Court **GRANTS** Defendants' motion.

## BACKGROUND

### *Factual Background*

Plaintiff is a resident of Porter County, Indiana. [*Id.* at ¶ 5]. Defendant Liesenfelt is a police officer working for the Valparaiso Police Department. [*Id.* at ¶ 6]. The Valparaiso Police Department and the City of Valparaiso are both municipal entities located within Porter County, Indiana. [*Id.* at ¶¶ 7–8].

On July 29, 2023, Plaintiff was driving her neighbor's truck and, after pulling the truck into the neighbor's driveway and while crossing the yard to her house, was stopped by Defendant Liesenfelt, who ordered Plaintiff to approach him. [*Id.* at ¶¶ 9, 11–13]. Defendant Liesenfelt had followed Plaintiff for several blocks after allegedly being informed by "Flock" cameras that the owner of the vehicle she had driven had a suspended license. [*Id.* at ¶ 19]. Plaintiff alleges she

informed Defendant Liesenfelt that the vehicle belonged to her neighbor, a forty-five-year-old Hispanic male. [*Id.* at ₽₽ 20–22]. Plaintiff also alleges that Defendant Liesenfelt never called dispatch to confirm who the owner of the vehicle was, nor did Defendant Liesenfelt allow Plaintiff to present her license to confirm the license was not suspended. [*Id.* at ₽₽ 20, 23].

Plaintiff claims she was positioned toward the front of Defendant Liesenfelt's police vehicle. [*Id.* at ₽ 25]. Thereafter, Plaintiff alleges she was then forced onto the ground and that while on the ground, another officer approached. [*Id.* at ₽₽ 26–28]. Once the other officer arrived, Defendant Liesenfelt purportedly began tasing Plaintiff while she was still on the ground. [*Id.* at ₽ 29]. She alleges she did not pose a threat to anyone and was in a helpless and vulnerable position when tased. [*Id.* at ₽ 30].

### Procedural Background

On July 28, 2025, Plaintiff brought suit against Defendants under 42 U.S.C. § 1983 for violations of various rights under the United States and Indiana Constitutions. [DE 1 at 1]. Plaintiff claims Fourth Amendment violations against Defendant Liesenfelt for an unreasonable seizure and excessive force, and appears to claim *Monell* liability against the City of Valparaiso and the Valparaiso Police Department for the failure to properly train and supervise. [*Id.* at 3–4].

On June 1, 2026, Defendants collectively filed a motion to dismiss Plaintiff's Complaint in its entirety. [DE 24]. Plaintiff did not file a response to the motion, and the time to do so has expired. *See* N.D. Ind. 7-1(d)(2)(A) (providing that a non-moving party must respond to a motion under FRCP 12(b) within twenty-one days). Accordingly, Defendants' motion is now ripe for judgment.

## <u>LEGAL STANDARDS</u>

In response to a complaint, a party may move to dismiss the action asserting that the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint will survive a 12(b)(6) motion if it contains allegations that state "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face rather than merely conceivable "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In essence, this means putting the defendant on notice of the claims being asserted against him. *Orr v. Shicker*, 147 F.4th 734, 741 (7th Cir. 2025) (providing that a complaint must "present a story that holds together" and that "[u]nderpinning this framework is a basic rule: a defendant must be given 'fair notice of what the claim is and the grounds upon which it rests'").

Under this plausibility standard, the Court accepts the well-pleaded factual allegations stated in the complaint as true and views them in the light most favorable to the non-moving party. *See Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 332 (7th Cir. 2019). Legal conclusions and conclusory allegations merely reciting the elements of the claim, however, are not entitled to this presumption of truth. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681). After a court excises legal conclusions and conclusory allegations from the pleading, it determines whether the remaining factual allegations "plausibly suggest an entitlement to relief." *Id.* The Seventh Circuit has interpreted the *Twombly-Iqbal* standard to require a plaintiff to "provid[e] some specific facts" to support the legal claims asserted in the complaint. *Id.* (citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). Where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle

3

him to relief," the claim must be dismissed. *Mattice v. Mem'l Hosp. of S. Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001) (alteration omitted).

## **DISCUSSION**

Because Plaintiff did not respond to Defendants' motion, the Court will address the motion summarily. *See Killebrew v. Shinn*, 2026 WL 777257, at *1 (N.D. Ind. Mar. 19, 2026). As a preliminary note, it is understood within this circuit that "when presented with a motion to dismiss, the non-moving party *must proffer* some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (emphasis added). When the non-movant fails to address arguments in a motion to dismiss, or fails to address the motion at all, he "effectively abandons the litigation." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *see also Boogaard v. Nat. Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("[Plaintiffs] do not—and cannot—deny that a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."); *Credico v. Carmel Clay Pub. Libr.*, 2026 WL 681713, at *2 (S.D. Ind. Mar. 11, 2026) (finding Plaintiff's claims waived for failure to address Defendants' legal arguments for dismissal). Based on this premise alone, Plaintiff's claims would be waived and dismissal of her Complaint would be appropriate. This point aside, Defendants' proffered grounds for dismissal suffice.

Defendants present two primary arguments for dismissal. First, they argue that Plaintiff's claims would be procedurally barred under the precedent established by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). [DE 25 at 7]. Second, they argue the claims would be similarly barred by collateral estoppel. [*Id.* at 11]. The Court will address both of these legal arguments.[1]

---

[1] In the introductory paragraph of their brief, Defendants also contend that they are entitled to qualified immunity. [DE 25 at 1]. But because this issue was not briefed, the Court will not address qualified immunity here.

4

Before proceeding with the merits of Defendants' arguments though, the Court must first acknowledge Defendants' reliance on records in Plaintiff's underlying state court convictions. When a court ordinarily rules on a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), Rule 12(d) states that the motion must be treated as one for summary judgment under Rule 56 where "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Despite this, the Seventh Circuit has long held that "'the district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (quoting *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); *see also Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017). Courts may judicially notice adjudicative facts that that are "both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Williams v. Arnold*, 2025 WL 3652900, at *3 (N.D. Ind. Dec. 15, 2025) (quoting *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997)). Because the Seventh Circuit in *Henson* held that public court documents may be considered in deciding a motion to dismiss, the Court hereby takes judicial notice of the records and exhibits Defendants have included with their motion. *See Henson*, 29 F.3d at 284.[2] With this issue squared away, the Court can now tackle Defendants' first argument.

### I.    Procedural Bar to § 1983 Claims

---

[2] Even without considering that *Henson* explicitly found public court documents properly subject to judicial notice, Plaintiff's underlying criminal record cleanly fit the parameters for taking judicial notice under Federal Rule of Evidence 201: they are publicly available, they are not factually disputed, and they derive from sources whose accuracy cannot reasonably be questioned. *Williams*, 2025 WL 3652900, at *3; *see also Carter v. Sturgeon*, 643 F. Supp. 3d 862, 865 (S.D. Ind. 2022).

In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87. Notably, in addressing the latter category for "other harm caused by actions whose lawfulness would render a conviction or sentence invalid," the Court provided the following example directly pertinent to the case here:

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. (This is a common definition of that offense. *See People v. Peacock*, 496 N.E.2d 683 (1986); 4 C. Torcia, Wharton's Criminal Law § 593, p. 307 (14th ed. 1981).) He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata, . . . the § 1983 action will not lie.

*Id.* at 486 n.6 (emphasis in original) (alternate reporter citations omitted).

The Seventh Circuit has similarly found that *Heck* procedurally bars an excessive force claim under § 1983 where the plaintiff was convicted of resisting arrest under Indiana law. *See Helman v. Duhaime*, 742 F.3d 760, 763 (7th Cir. 2014) (affirming district court's holding that plaintiff was precluded by his resisting arrest conviction from pursuing his § 1983 claim for excessive force); *see also Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010) (holding that where a plaintiff pursues a § 1983 excessive force claim after being convicted of resisting arrest, the plaintiff can only proceed to the extent the facts underlying the claim are not inconsistent with the essential facts supporting the conviction). And as the Seventh Circuit acknowledged, courts interpreting Indiana's resisting arrest statute have found that a person may not be

convicted if the arresting officer uses excessive force. *Helman*, 742 F.3d at 763 (citing *Shoultz v. State*, 735 N.E.2d 818, 823–25 (Ind. Ct. App. 2000), *trans. denied*) ("Cases interpreting that provision have held that the officer is not 'lawfully engaged in the performance of his duties' if he is employing excessive force, and therefore a person who reasonably resists that force cannot be convicted under that provision.").[3] Therefore, as the court concluded, where a person is convicted of resisting arrest, that person cannot bring a claim of excessive force under § 1983 because this would inherently imply the invalidity of the conviction. *Helman*, 742 F.3d at 763.

Here, although Plaintiff alleges she was forced onto the ground and tased without legal justification, she threatened Defendant Liesenfelt that "she would kick [him] in the balls," [*see* DE 25-8 at 1:22:8–19], and refused to cooperate with law enforcement commands. Based on these actions, Plaintiff was convicted of the following: resisting arrest under Indiana Code 35-44.1-3-1(a), in which a person "knowingly or intentionally: (1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties;" intimidation under Indiana Code Section 35-45-2-1, in which a person "communicates a threat with the intent . . . that another person be placed in fear of retaliation for a prior lawful act" or "that another person be placed in fear that the threat will be carried out, if the threat is a threat described in . . . subsection (c)(1) through (c)(5)";[4] and battery under Indiana Code Section 35-42-2-1(e), for "touch[ing a public safety official] in a rude or insolent manner . . . while the official is engaged in the official's official duty[.]" [*See* DE 25-1; DE 25-10]. Because Plaintiff could not have been convicted of

---

[3] Indiana Code Section 35-44-3-3, the statute addressed in both *Schultz* and *Helman*, was repealed by Section 35-44.1-3-1(a), the current version of Indiana's resisting arrest statute. The relevant language contained in Section 35-44-3-3 is present in the current statute.

[4] The threats described in Indiana Code Section 35-45-2-1(c)(1)–(c)(5) include threats to "unlawfully injure the person threatened" and to "commit a crime."

these offenses had Defendant Liesenfelt not been engaged in his lawful duties, the *Heck* bar

applies to Plaintiff's excessive force claim. *See Helman*, 742 F.3d at 763. Dismissal of this claim

is therefore proper.

Likewise, Defendants argue that Plaintiff's false arrest claim should be similarly

dismissed under *Heck*. [DE 25 at 10]. As Defendants correctly note, the *Heck* bar does not

automatically apply to a false arrest claim as it does not "necessarily imply the invalidity of [a]

conviction or sentence." *Heck*, 512 U.S. at 487; *see also Booker v. Ward*, 94 F.3d 1052, 1056

(7th Cir. 1996) ("[O]ne can have a successful wrongful arrest claim and still have a perfectly

valid conviction."). That being said, Defendants nonetheless argue the same principle applies

because the state court denied Plaintiff's motion to dismiss her criminal charges, in which

Plaintiff raised the same facts and argument regarding the lack of reasonable suspicion as she

does in her Complaint. [*Id.*; *see* DE 25-3 (arguing an absence of reasonable suspicion or probable

cause to detain Plaintiff); DE 1 at ¶¶ 13, 16, 34]. *See Calabrese v. Fox*, 338 F. Supp. 3d 775, 790

(N.D. Ill. 2017) (quoting *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)) ("*Heck* applies

to a false arrest claim 'if the specific factual allegations in the complaint are necessarily

inconsistent with the validity of the conviction."); *see also Wallace v. Kato*, 549 U.S. 384, 393–

94 (2007) (contemplating that some false arrest claims will be *Heck*-barred). According to

Defendants, should the Court find that Defendant Liesenfelt lacked reasonable suspicion or

probable cause, this would imply the invalidity of the state court's ruling and the jury's ultimate

conviction, thereby invoking the *Heck* bar. [*Id.*]. The Court agrees. Plaintiff reraises the same

allegations and arguments as those previously made in her state court proceedings, and because

Plaintiff's conviction and sentence remains in place, *Heck* applies.

Therefore, Plaintiff's claims for excessive force and false arrest against Defendant Liesenfelt are subject to dismissal under *Heck*'s procedural bar.

## II.    Collateral Estoppel

Defendant's also argue that collateral estoppel would bar both of the claims discussed above. [DE 25 at 11]. 28 U.S.C. § 1738, the Full Faith and Credit Statute, provides that the judicial proceedings and records of any state "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." This requires federal courts, in actions taken under § 1983, to afford collateral estoppel effect to state court judgments when those judgments would have been afforded estoppel effect in the state they were rendered. *Allen v. McCurry*, 449 U.S. 96, 102 (1980).

In Indiana, "collateral estoppel, or issue preclusion, forecloses any 'subsequent re-litigation of **the same fact or issue** where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent lawsuit.'" *Norfolk S. Ry. Corp. v. Soo Line Ry. Co.*, 2026 WL 847724, at *11 (N.D. Ind. Mar. 27, 2026) (emphasis in original) (quoting *Miller v. Patel*, 212 N.E.3d 639, 646 (Ind. 2023)). Where it applies, "the first adjudication will be held conclusive even if the second is constituted on a different claim." *Miller*, 212 N.E.3d at 646 (quoting *Tofany v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1037 (Ind. 1993)). Three foundational requirements must be met for collateral estoppel to apply: "(1) a final judgment on the merits in a court of competent jurisdiction; (2) identity of the issues; and (3) the party to be estopped was a party or the privity of a party in the prior action." *Id.* at 646–47 (quoting *Nat'l Wine & Spirits, Inc. v. Ernst & Young, LLP*, 976 N.E.2d 699, 704 (Ind. 2012), *cert. denied*, 569 U.S. 1018 (2013)). Additionally, courts also consider whether (a) the parties

9

had a full and fair opportunity to litigate the issue and (b) the application of collateral estoppel to the circumstances would be otherwise unfair. *Id.* at 647.

Each of these requirements have been met. First, the state court proceedings rendered a final judgment when Plaintiff was convicted and sentenced for resisting arrest, intimidation, and battery of a public official. Second, the issues that would be litigated under Plaintiff's excessive force and false arrest claims are the same as those previously addressed in state court. There, the State had to prove that Plaintiff engaged in conduct that violated the relevant statutes, whereas here Plaintiff is attempting to argue that she did *not* engage in the same conduct so as to show that probable cause was absent. Further, as to Plaintiff's arguments regarding the lack of reasonable suspicion for the initial stop and detention, this was already placed into issue when Plaintiff filed her motion to dismiss her criminal charges. The parties had a full and fair opportunity to litigate their positions, and there is no indication that application of collateral estoppel would be unfair to the present circumstances. *See Kimberlin v. DeLong*, 637 N.E.2d 121, 125 (Ind. 1994) (finding issue was fully and fairly litigated and that the application of collateral estoppel would not be unfair where plaintiff was criminally convicted in federal court under a heightened burden of proof). Finally, Plaintiff (the party to be estopped) was a party to the prior action. Accordingly, Plaintiff's claims for excessive force and false arrest would be procedurally barred under collateral estoppel as well.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss [DE 24] without prejudice. Plaintiff has until July 28, 2026, to file an amended complaint. If Plaintiff fails to amend the complaint within the time allowed, the Clerk of Court will be directed to close this case.

SO ORDERED.

ENTERED: July 8, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court